IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 16-20016-05-DDC |
| v. | |
| ALEJANDRO GARCIA-NIEVES (05), | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant Alejandro Garcia-Nieves has filed two pro se[1] Motions to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 597; Doc. 600. The government filed a combined Response. Doc. 598. The court lacks jurisdiction and dismisses Mr. Garcia-Nieves's motions for reasons explained below.

**I.     Background**

On May 17, 2019, Mr. Garcia-Nieves entered a guilty plea (Doc. 299) to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 846 and 841(a)(1). On August 19, 2019, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 365. Based on the quantity of drugs attributed to defendant, 4.5 kilograms of "Ice" methamphetamine, the PSR determined that Mr. Garcia-Nieves had a base offense level of 38. *Id.* at 23 (PSR ¶ 81). Two points were added

---

[1]     Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

under Guideline § 2D1.1(b)(5) because the methamphetamine was imported from Mexico. *Id.* (PSR ¶ 82). The PSR deducted three points because Mr. Garcia-Nieves accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* (PSR ¶¶ 88–89). Based on the 2018 Guidelines Manual, Mr. Garcia-Nieves had a total offense level of 37. *Id.* (PSR ¶ 90).

Mr. Garcia-Nieves's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 24 (PSR ¶¶ 95–96). "Based upon a total offense level of 37 and a criminal history category of I, the guideline imprisonment range [was] 210 months to 262 months." *Id.* at 28 (PSR ¶ 117). The parties' binding plea agreement recommended a sentence below the advisory guideline range: 135 months and five years of supervised release. Doc. 299 at 14 (Plea Agreement). On September 3, 2019, the court sentenced Mr. Garcia-Nieves to imprisonment for 135 months and five years of supervised release. Doc. 377 at 2, 3. On December 8, 2021, the Bureau of Prisons released Mr. Garcia-Nieves from its custody to serve the remainder of his sentence in Mexico.[2] *See* Doc. 597 at 2; Doc. 598 at 2.

Mr. Garcia-Nieves asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his September 2019 sentence and reduces his offense level by two levels. Doc. 597 at 2; Doc. 600 at 1. The court addresses Mr. Garcia-Nieves's motions, but first, recites the governing legal standard.

II.     **Legal Standard**

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."

---

[2] BOP released Mr. Garcia-Nieves into Mexican custody under a 1976 treaty between the United States and Mexico. *See* Prisoner Transfer, Treaty Signed at Mexico November 25, 1976, Mex.-U.S., art. I(2), Nov. 25, 1976, 28 U.S.T. 7399, 1977 WL 181724 ("Sentences imposed in the United States of America on nationals of the United Mexican States may be served in penal institutions or subject to the supervision of the authorities of the United Mexican States in accordance with the provisions of this Treaty.").

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

(1) on motion of the Director of the Bureau of Prisons or the defendant, if defendant exhausts administrative remedies, if special circumstances exist;

(2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Garcia-Nieves asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 597 at 2; Doc. 600 at 1.

Effective November 1, 2023, Part B of Amendment 821 lowered the sentencing range by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3

> (8)  the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9)  the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.* Even if a defendant satisfies each § 4C1.1 criterion, the court only may reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And, even if § 4C1.1 lowers the guideline range, a sentencing commission policy statement provides, the "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023).

**III.    Analysis**

Here, Mr. Garcia-Nieves qualifies as a zero-point offender and thus would qualify for a reduction in his criminal history score. Under Amendment 821, Mr. Garcia-Nieves's offense level would drop from 37 to 35. Based on an adjusted total offense level of 35, his guideline sentence range would decrease from 210–262 months to 168–210 months.

But Mr. Garcia-Nieves still isn't entitled to a reduction. The court sentenced Mr. Garcia-Nieves to 135 months' imprisonment, which is below the amended guideline range. Because Mr. Garcia-Nieves's sentence "is less than the minimum of the amended guideline range," the court can't reduce his sentence, and so his request doesn't fall under 18 U.S.C. § 3582(c)(2). *Id.* The Guidelines Commentary illustrates this point. Specifically, Application Note 3 hypothesizes the following situation:

      Guideline Range applicable at sentencing:      70 to 87 months

      Defendant's actual sentence:      56 months

      Amended Guideline Range:      51 to 63 months

*Id.* § 1B1.10(b)(2) Application Note 3.  The Application Note explains that the court may reduce the defendant's sentence "but [the court] shall not reduce it to a term less than 51 months[,]" *i.e.*, the bottom end of the Amended Guideline Range.  *Id.*  And yet, this forbidden result is necessarily what Mr. Garcia-Nieves asks the court to do here.

The court sentenced him to serve 135 months in prison.  So, to reduce his sentence by the minimum amount possible would result in a 134-month sentence.  And 134 months is below the bottom end—168 months—of the amended guideline range.  The court thus lacks authority to reduce Mr. Garcia-Nieves's sentence.  This conclusion means that the court thus lacks jurisdiction and must dismiss Mr. Garcia-Nieves's motions (Doc. 597; Doc. 600).  *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Hernandez*, No. 19-10002-02, 2024 WL 2955711, at *2 (D. Kan. June 12, 2024) (dismissing Amendment 821 motion to reduce sentence when the court already had sentenced defendant to minimum of amended guideline range).

### IV. Conclusion

The court is without jurisdiction to consider Mr. Garcia-Nieves's current motions. Thus, the court dismisses Mr. Garcia-Nieves's motions for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Garcia-Nieves's Motion to Reduce Sentence (Doc. 597) is dismissed.

**IT IS FURTHER ORDERED THAT** Mr. Garcia-Nieves's Motion to Reduce Sentence (Doc. 600) is dismissed.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**