IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALEJANDRO GARCIA-NIEVES (05),**<br><br>**Defendant.** | **Case No. 16-20016-05-DDC** |

**MEMORANDUM AND ORDER**

Defendant Alejandro Garcia-Nieves, proceeding pro se,[1] filed a motion to reconsider the court's decision denying his motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Garcia-Nieves also filed a new motion seeking a reduced sentence under Amendment 833 to the Sentencing Guidelines. Garcia-Nieves's motion to reconsider is filed approximately a year late, and his new motion is based on an amendment not retroactively applicable under the federal Sentencing Guidelines. For these reasons, the court denies Garcia-Nieves's first motion and dismisses his second.

## I. Background

In 2019, Garcia-Nieves pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 846 and 841(a)(1). Doc. 299. The presentence investigation report determined that his total offense level was 37. Doc. 365 at 23. Garcia-Nieves had zero criminal history points, giving him a Guideline

[1] The court construes Garcia-Nieves's filings liberally but nonetheless holds him to the same rules as any other litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

imprisonment range of 210 to 262 months. *Id.* at 24, 28. The Plea Agreement between Garcia-Nieves and the United States recommended a below-guideline sentence of 135 months and five years of supervised release. Doc. 607 at 2. The court heeded the parties' request and sentenced Garcia-Nieves to 135 months in prison and five years of supervised release. *Id.* In December 2021, the Bureau of Prisons released Garcia-Nieves to serve the remainder of his sentence in Mexico under a 1976 treaty between the United States and Mexico. *Id.* at 2 & 2 n.2.

Garcia-Nieves previously filed a motion to reduce his sentence under Amendment 821 to the Sentencing Guidelines. Doc. 597. Amendment 821, effective November 1, 2023, lowered the sentencing range by two levels for certain defendants with zero criminal history points. Doc. 607 at 3–4 (discussing Amendment 821's changes to U.S.S.G. § 4C1.1). If the court had sentenced Garcia-Nieves after Amendment 821 took effect, he would've qualified for a lower Guideline imprisonment range. *Id.* But Garcia-Nieves still wouldn't have benefitted from this reduction because he already had received a sentence lower than his amended Guideline range. *Id.* at 4. An applicable policy statement by the Sentencing Commission provides that the "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3852(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). The court denied Garcia-Nieves's motion because he was sentenced to just 135 months, well below his amended Guideline range of 168 to 210 months. Doc. 607 at 4–5.

Garcia-Nieves now has filed a motion to reconsider that ruling. Doc. 610. He argues that a sentence reduction under Amendment 821 is warranted in his case for a variety of reasons, including the harshness of his conditions of confinement, the fact he was "deported" to Mexico (where he's serving his remaining sentence), and a Mexican judge's decision declining to adjust his sentence. *Id.* at 2–4. Later, Garcia-Nieves filed a new motion seeking to reduce his sentence

under Amendment 833 to the Sentencing Guidelines.[2] Doc. 613. Amendment 833 "provides some downward adjustment" to certain methamphetamine-related offenses, so Garcia-Nieves asserts the court should reduce his sentence to reflect this change. *Id.* at 2.

*First*, the court evaluates Garcia-Nieves's motion to reconsider. *Second*, it addresses his motion to reduce sentence.

## II. Motion to Reconsider

Motions to reconsider denial of a § 3852(c)(2) motion, at minimum, "must be brought within the time for appeal." *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). The time to appeal a court order in a criminal case is generally 14 days after entry of the order that the party wants to appeal. Fed. R. App. P. 4(b)(1)(A). This limitation also is memorialized in our district's local rules. Parties "seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." D. Kan. Rule 7.3. And motions to reconsider are appropriate only when there was (1) "an intervening change in controlling law;" (2) "new evidence" became available; or (3) there is a "need to correct clear error or prevent manifest injustice." *Id.*

The court denied Garcia-Nieves's previous motion to reduce sentence on July 30, 2024. Doc. 607. Garcia-Nieves's motion to reconsider that ruling was placed in the mail on August 30, 2025. Doc. 610 at 4. As the government points out, under both Circuit precedent and D. Kan. Rule 7.3, Garcia-Nieves submitted his motion more than a year late. *See* Doc. 612 at 3. Even if it were timely, the court wouldn't grant Garcia-Nieves's motion because it doesn't satisfy D. Kan. Rule 7.3's other limitation: Motions to reconsider must identify a change in controlling

---

[2] Garcia-Nieves's filing refers to "Section 5.B. 1437," which neither the court nor the United States can locate. Construing his pleadings liberally, Garcia-Nieves likely refers to Amendment 833 to the Sentencing Guidelines. *See* Doc. 614 at 3 n.2.

law, new evidence, or clear error necessitating the court's correction. Garcia-Nieves's motion to reconsider lacks merit and therefore the court denies it.

**III. Motion to Reduce Sentence**

18 U.S.C. § 3582(c) authorizes the court to modify a sentence "if the sentencing range is subsequently lowered by the Sentencing Commission." *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). The court may reduce a sentence only if it "is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). An applicable policy statement provides that the court may reduce a sentence based on a subsequently lowered Guideline range only if the range was lowered because of an amendment listed in subsection (d) of U.S.S.G. § 1B1.10. *See* § 1B1.10(a)(1). So, if the amendment applicable to the defendant's case isn't listed in subsection (d), then the Guidelines don't authorize reducing the defendant's sentence. § 1B1.10(a)(2). And without Guideline authorization, the court lacks any authority to reduce the defendant's sentence under § 3582(c)(2). *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (holding that courts cannot retroactively reduce sentences under amendments not covered by § 1B1.10).

Amendment 833, effective November 1, 2025, reduced the Guideline range for certain drug offenders with minimal culpability. *See* Amendment 833, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/833 (last visited Nov. 18, 2026). The Sentencing Commission determined that "targeted changes" for certain offenses "were warranted to ensure appropriate penalties commensurate with an individual's function in a drug trafficking offense[.]" *Id.*

But Amendment 833 isn't one of the "covered amendments" listed in § 1B1.10(d) permitting the court to reduce Garcia-Nieves's sentence. *United States v. Mack*, 2026 WL 2150179, at *1 (10th Cir. July 27, 2026). The "Sentencing Commission has not, as of yet,

rendered Amendment 833 retroactively applicable." *Id.* Since the Sentencing Commission hasn't authorized retroactive reduction of a defendant's sentence based on Amendment 833, the court cannot reduce Garcia-Nieves's sentence under § 3582(c)(2). *Id.*; *see also United States v. Magallon-Maldanado*, 2026 WL 1642783, at *1 (D. Kan. June 8, 2026) ("Amendment 833 is not a retroactive amendment" meaning "the court is not authorized to reduce [the] defendant's sentence pursuant to that Amendment."); *United States v. Quinonez-Quintero*, 2026 WL 933267, at *1 (D. Kan. Apr. 7, 2026) (collecting cases); *United States v. Guzman-Dominguez*, 2026 WL 1475467, at *2 (D.N.M. May 26, 2026).

When a defendant moves to reduce his sentence under a Guideline amendment the Sentencing Commission hasn't designated to apply retroactively, the court must dismiss, rather than deny the motion. *Mack*, 2026 WL 2150179, at *2 (remanding for district court to dismiss rather than deny § 3582(c)(2) motion based on Amendment 833). If the defendant is ineligible for relief under § 3582(c), the proper disposition is dismissal for lack of jurisdiction. *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). The court thus dismisses Garcia-Nieves's motion to reduce sentence because it lacks jurisdiction to grant the requested relief.

## IV. Conclusion

The court denies Garcia-Nieves's motion to reconsider the court's prior ruling and dismisses his motion to reduce sentence without prejudice because it lacks jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Garcia-Nieves's Motion to Reconsider (Doc. 610) is **DENIED**.

**IT IS FURTHER ORDERED THAT** defendant Garcia-Nieves's Motion to Reduce Sentence (Doc. 613) is **DISMISSED**.

**IT IS SO ORDERED.**

**Dated this 24th day of November, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**